UNITED STATES DISTRICT COURT
EASTERN DISTRICT OF KENTUCKY
CENTRAL DIVISION
(at Lexington)

| | | |
|---|---|---|
| RACHEL ABOTT, | ) | |
| Plaintiff, | ) ) ) | Civil Action No. 5: 25-014-DCR |
| V. | ) ) | |
| FRANK BISIGNANO, Commissioner of Social Security, | ) ) ) ) | **MEMORANDUM OPINION AND ORDER** |
| Defendant. | ) | |

\*\*\*   \*\*\*   \*\*\*   \*\*\*

Plaintiff Rachel Abott ("Abott") appeals the Commissioner of Social Security's (the "Commissioner") denial of her claim for disability insurance benefits. After reviewing the record and the parties' arguments, the Court finds that substantial evidence supports the ALJ's decision and that he correctly considered all relevant evidence in rejecting Abott's claim. Accordingly, the Commissioner's decision will be affirmed and Abott's motion for summary judgment will be denied.[1]

I.

Abott filed an application for disability insurance benefits on May 31, 2022, alleging a disability beginning on March 1, 2021. [Tr. 17] The application was denied initially (September 14, 2022) and upon reconsideration (February 23, 2023). [*Id.*] The ALJ held an administrative hearing *via* telephone regarding Abott's claim on September 6, 2023. [*Id.*] On

---

[1]   References to the Administrative Transcript located at Record No. 5 will be referred to hereafter as "Tr."

November 15, 2023, he issued a written opinion denying benefits. [Tr. 17-27] The Appeals Council denied Abott's request for review on November 21, 2024. [Tr. 1-6] Thus, administrative review has been exhausted and the matter is now ripe for judicial review. *See* 42 U.S.C. § 405(g).

## II.

A "disability" under the Social Security Act (the "Act") is defined as "the inability to engage in 'substantial gainful activity' because of a medically determinable physical or mental impairment of at least one year's expected duration." *Cruse v. Comm'r of Soc. Sec.*, 502 F.3d 532, 539 (6th Cir. 2007) (citing 42 U.S.C. § 423(d)(1)(A)). A claimant's Social Security disability determination is made by an ALJ in accordance with "a five-step 'sequential evaluation process.'" *Combs v. Comm'r of Soc. Sec.*, 459 F.3d 640, 642 (6th Cir. 2006) (en banc). If the claimant satisfies the first four steps of the process, the burden shifts to the Commissioner with respect to the fifth step. *See Jones v. Comm'r of Soc. Sec.*, 336 F.3d 469, 474 (6th Cir. 2003).

A claimant must first demonstrate that she is not engaged in substantial gainful employment at the time of the disability application. 20 C.F.R. § 404.1520(b). Second, the claimant must show that she suffers from a severe impairment or a combination of impairments. 20 C.F.R. § 404.1520(c). Third, if the claimant is not engaged in substantial gainful employment and has a severe impairment which is expected to last for at least twelve months and which meets or equals a listed impairment, she will be considered disabled without regard to age, education, and work experience. 20 C.F.R. § 404.1520(d). Fourth, if the claimant has a severe impairment but the Commissioner cannot make a determination regarding disability based on medical evaluations and current work activity, the Commissioner

will review the claimant's residual functional capacity ("RFC") and relevant past work to determine whether she can perform her past work. 20 C.F.R. § 404.1520(e). If she can, she is not disabled. 20 C.F.R. § 404.1520(f).

Under the fifth step of the analysis, if the claimant's impairments prevent her from doing past work, the Commissioner will consider her RFC, age, education, and past work experience to determine whether she can perform other work. If she cannot perform other work, the Commissioner will find the claimant disabled. 20 C.F.R. § 404.1520(g). "The Commissioner has the burden of proof only on 'the fifth step, proving that there is work available in the economy that the claimant can perform.'" *White v. Comm'r of Soc. Sec.*, 312 F. App'x 779, 785 (6th Cir. 2009) (quoting *Her v. Comm'r of Soc. Sec.*, 203 F.3d 388, 391 (6th Cir. 1999)).

The Court's review is limited to determining whether the ALJ's findings are supported by substantial evidence and whether the ALJ applied the proper legal standards in reaching his decision. *Rogers v. Comm'r of Soc. Sec.*, 486 F.3d 234, 241 (6th Cir. 2007). Substantial evidence is such relevant evidence as reasonable minds might accept as sufficient to support the conclusion. *Richardson v. Perales*, 402 U.S. 389, 401 (1971); *Bass v. McMahon*, 499 F.3d 506, 509 (6th Cir. 2007). The Commissioner's findings are conclusive if they are supported by substantial evidence. 42 U.S.C. § 405(g).

### III.

Abott was 40 years old at her alleged disability onset date. [Tr. 25] She holds a master's degree in social work and was employed previously as a mental health therapist and counselor.

[Tr. 186; 180] Abott stopped working in March 2021 due to a combination of alleged migraines and other mental health concerns.[2]  [Tr. 186]

The ALJ conducted the analysis referenced above to evaluate Abott's disability claim. [Tr. 17-27] At step one, he found Abott met the insured status requirements of the Act through December 31, 2025, and that she had not engaged in substantial gainful employment since March 1, 2021.  [Tr. 19] At step two, the ALJ determined that Abott suffers from the severe impairments of "migraine[s]; depressive, bipolar and related disorders; and trauma-and stressor-related disorders." [*Id.*]

However, the ALJ determined at step three that Abott's conditions (singly or in combination) did not equate to any severe impairments under the listings in 20 CFR Part 404, Subpart P, Appendix 1 ("Appendix 1"). [Tr. 20] Specifically addressing Abott's migraines under Appendix 1, section 11.00 (neurological disorders), he found that "there is no evidence showing the claimant's migraines impose more than minimal functional limitations." [Tr. 20] Next, after reviewing the evidence he determined that Abott had the RFC to perform "a full range of work at all exertional levels" with several "non-exertional" limitations.  [Tr. 24] At step four, the ALJ found that Abott was unable to perform any past relevant work.  [Tr. 25] Finally, at step five, he determined that Abott could still perform a significant number of jobs in the national economy based on her age, education, work experience, and RFC.  [Tr. 26]

---

[2]     Abott states that she was officially terminated from her position at Danville Counseling Center in May of 2022, however, she alleges she had not worked there since March of 2021. [Tr. 186] In assessing Abbott's last date of substantial gainful activity, ALJ Bowling concluded she "ha[d] not engaged in substantial gainful activity since March 1, 2021." [Tr. 19]

- 4 -

## IV.

Abott disputes two portions of the ALJ's findings. First, she argues that the ALJ failed to properly assess her migraines under Appendix 1, section 11.00 in accordance with Social Security Ruling 19-4p, and that his determination that "there is no evidence showing [Abott's] migraines impose more than minimal functional limitations" was not based on substantial evidence. [Record No. 10-1, p. 14] Abott also contends that the ALJ improperly assessed her RFC because he did not consider and discuss the limiting effects of her impairments and related symptoms. [*Id.*, p. 15]

### Step Three

Social Security Ruling 19-4p provides guidance in evaluating cases involving primary headache disorders. SSR No. 19-4p (Aug. 26, 2019). Regarding the classification of migraines under the Listing of Impairments, the Ruling states that "primary headache disorder is not a listed impairment in the Listing of Impairments; however, we may find that a primary headache disorder, alone or in combination with another impairment(s), medically equals a listing." *Id.* (citation modified). The Ruling further details that epilepsy (section 11.02) is the most closely analogous listed impairment and that, although uncommon, "a person with a primary headache disorder may exhibit equivalent signs and limitations to those detailed" therein. *Id.*

The ALJ provided no rationale for his conclusion that "there is no evidence showing the claimant's migraines impose more than minimal functional limitations" under section 11.00. The Commissioner contends, however, that "[t]he ALJ reasonably found that there was no evidence showing the claimant's migraines impose more than minimal functional limitations." [Record No. 13, p. 5] But the ALJ specifically stated that no evidence existed.

[Tr. 20] Although this finding seemingly lacks substantial justification, the Commissioner points out that the United States Court of Appeals for the Sixth Circuit considers an ALJ's "cursory" or "unexplained" findings sufficient when there are "factual findings elsewhere in his decision to support his conclusion at step three." *Forrest v. Comm'r of Soc. Sec.*, 591 F. App'x 359, 366 (6th Cir. 2014). Accordingly, the undersigned will review the ALJ's RFC findings to determine whether the ALJ adequately considered Abott's migraines.

### RFC Determination

Abott next alleges that the ALJ's RFC assessment was insufficient. Accounting for headache disorders in RFC formulation requires considering the "extent to which the person's impairment-related symptoms are consistent with the evidence in the record … [and] [c]onsistency and supportability between reported symptoms and objective medical evidence is key." SSR No. 19-4p (Aug. 26, 2019) (citation modified).

> The ALJ determined that Abott had:
>
> the residual functional capacity to perform a full range of work at all exertional levels but with the following non-exertional limitations: the claimant can never climb ladders, ropes or scaffolds. The claimant should avoid all exposure to hazards, such as the use of moving machinery and to unprotected heights. The claimant can remember simple and detailed instructions that are not complex. The claimant can sustain attention, concentration, effort and pace for simple and detailed non-complex tasks requiring little independent judgment and involving minimal variations over two-hour work segments. The claimant can interact with the public, co-workers and supervisors occasionally in non-confrontational environment. The claimant can adapt to situational conditions and normal changes in routine in the workplace.

[Tr. 21-22] Abbott asserts that the ALJ erred in determining her RFC because he failed to consider the relevant evidence or comport with SSR 19-4p. [Record No. 10-1, pp. 14-15]

In the ALJ's RFC determination between steps 3 and 4, he first noted that "there have been no physical or neurological manifestations of migraines in the record." [Tr. 23] But Abott

contends the lack of objective evidence should not be dispositive, and that this Court should adopt reasoning espoused by other district courts (and other Circuits) that treats migraines differently than other severe impairments.  Essentially, those courts posit that "migraine patients have normal scans and lab results, and so the types of evidence needed to support a disability claim may look differently in migraine cases than in other cases." *Lawrence v. Kijakazi*, Civil Action No. 5: 20-191-DLB, 2022 WL 711396, at *3 (E.D. Ky. Mar. 9, 2022); *see also Brown v. Comm'r of Soc. Sec.*, Case No. 2: 17-13137, 2018 WL 7078577, at *12 (E.D. Mich. Dec. 18, 2018) ("[T]raditional forms of 'objective evidence' lack their usual ascendancy in this context.  Many courts have found the absence of imaging or diagnostic tests showing migraines cannot justify discrediting a claimant or medical source opinions."), *R. & R. adopted*, No. 17-13137, 2019 WL 265771 (E.D. Mich. Jan. 18, 2019); *Moore v. Colvin*, 743 F.3d 1118, 1125 (7th Cir. 2014) ("[T]he ALJ erred in rejecting Moore's testimony on the basis that it cannot be objectively verified with any reasonable degree of certainty.).

Specifically, such courts have analogized migraines to fibromyalgia and hold that the more lenient standard applied to the latter should also apply to migraines.  *See Brown*, 2018 WL 7078577, at *14 ("The Sixth Circuit's stance on fibromyalgia … supports the notion that ALJs should examine the pertinent criteria [for migraines] based on the state of medical knowledge.").  *See also Lawrence*, 2022 WL 711396, at *3 ("With respect to fibromyalgia, another medical condition that is not "confirmed by objective testing, the Sixth Circuit has held that medically accepted and recognized signs of the disease can constitute objective evidence in a Social Security case.").  Further, one such court found "the Sixth Circuit has not yet looked at the precise issue of what constitutes relevant objective evidence in this context."

*Lawrence*, 2022 WL 711396, at *3 (citing *Brown*, 2018 WL 7078577, at *14).  But regarding migraines, the Sixth Circuit has not reached that conclusion.

In contrast, this Court views the issue differently than the other district courts.  In 1988, the Sixth Circuit addressed a claimant's reports of migraines in *McCormick v. Sec'y of Health & Hum. Servs.*, 861 F.2d 998 (6th Cir. 1988).  Although the panel acknowledged that, "unlike other types of headaches, migraines cannot be traced to an objectively determinable source[,]" the Sixth Circuit ultimately determined that a lack of objective medical evidence detailing the "existence or severity" of migraines was fatal to the claimant's appeal.  *Id.* at 1000; 1003.  And Abbot's case presents a similar situation.

The ALJ formulated Abott's RFC based on a lack of *objective* abnormalities, neurological deficits, or physical manifestations.  [Tr. 23] He referenced an August 2021 neurological exam that was "unremarkable."  [Tr. 343-346]  The ALJ also considered numerous other neurological exams from January 8, 2021, to June 14, 2022, that all appeared normal.  [Tr. 338; 341; 345; 349] The ALJ did not deny that Abott suffers from migraines; rather, he challenged their "intensity and severity" based on a lack of objective evidence in the record.  See *McCormick*, 861 F.2d at 1003 (finding that an ALJ's denial of disability benefits was appropriate when the intensity of a claimant's migraines was unsubstantiated by objective medical records).

The ALJ's finding that "there is no evidence to corroborate statements regarding the frequency or intensity [of migraines] that she has alleged" is also supported by the subjective nature of Abott's provider's comments in the medical record.  [*See* Tr. 339 ("*pt states* she's had a migraine for 3 weeks") (emphasis added); Tr. 343 ("*She has noticed* that the HA occurs about every 9 days.") (emphasis added); Tr. 276 (subjective); 325 ("*Presents with complaints*

of pain in the neck that has worsened over the past week.") (emphasis added).] Thus, in spite of Abott's argument that "subjective allegations may be the only way to obtain an affirmative diagnosis of migraine headaches," the undersigned cannot modify Sixth Circuit precedent to accommodate her claim. *Contra Lawrence*, 2022 WL 711396, at *6 (citation modified).

The ALJ found Abott's migraines constituted a severe impairment, evidencing his consideration of the condition generally. But he was not required to summarily accept Abott's subjective allegations about the length and intensity of her migraines. Instead, he referenced the State Agency consultants' assessments, which pointed to a more moderate conclusion. [Tr. 24; 62-66; 72-76] The State Agency consultants found Abott's migraines did not appear at a listing level, but they recommended corresponding limits to Abott's use of ropes, ladders and machinery to account for her condition. [Tr. 63; 72] Finally, they determined that "[n]o additional condition or worsening" of her migraines was occurring, and "signs and findings portray less intensity, extent, and persistence [of migraines] than alleged". [Tr. 71-73] Although these assessments contradict Abott's subjective complaints, the Court will affirm the ALJ's findings because they are supported by substantial evidence, "even [though] there is substantial evidence in the record that would have supported an opposite conclusion." *Blakley v. Comm'r of Soc. Sec.*, 581 F.3d 399, 406 (6th Cir. 2009) (citing *Key v. Callahan*, 109 F.3d 270, 273 (6th Cir. 1997)).

V.

Based on the foregoing analysis, it is hereby **ORDERED** as follows:

1. Plaintiff Rachel Abott's motion for summary judgment [Record No. 10] is **DENIED**.

2.	Defendant Commissioner of Social Security Frank Bisignano's motion for judgment [Record No. 13] is **GRANTED**.

3.	This action will be **DISMISSED** and **STRICKEN** from the docket following entry of judgment in favor of the defendant.

Dated: July 29, 2025.

<u>Danny C. Reeves, District Judge</u>
United States District Court
Eastern District of Kentucky